IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KEVIN M. SMITH                                                             PLAINTIFF

VS.                                  CIVIL NO. 04-3082

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kevin Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under the provisions of Titles II and XVI of the Social Security Act ("Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on May 13, 2002, alleging an onset date of January 20, 2000, due to pain in the neck, back, hips, knees, and ankles. (Tr. 98-100, 131). An administrative hearing was held on March 28, 2003, and an unfavorable decision was entered. (Tr. 376-425).

At the time of the administrative hearing, plaintiff was thirty-five years old and possessed a high school education. (Tr. 13). His past work consisted of work in various semi-skilled clerical positions, as well as unskilled general labor positions. (Tr. 13).

On July 15, 2004, the Administrative Law Judge ("ALJ"), issued a written decision finding that plaintiff suffered from a combination of severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 21). After discrediting plaintiff's subjective allegations, he concluded that plaintiff had a

capacity for a full range of medium work activity. The ALJ then determined that plaintiff would not be able to return to his past relevant work ("PRW"). Utilizing the Medical-Vocational Guidelines (the "Grids"), he found that plaintiff was not disabled. (Tr. 21).

The Appeals Council declined to review this decision on September 24, 2004. (Tr. 5-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded the opportunity to file appeal briefs, but plaintiff has chosen not to do so. (Doc. # 8).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and

that prevents his from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own

descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms, such as pain, are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*. Where a claimant for disability has nonexertional impairments, such as pain or mental limitations, the administrative law judge (ALJ), may not exclusively rely on vocational grids to determine disability, but must also consider testimony of a vocational expert. 20 C.F.R. Pt. 404 , Subpt. P, App. 2, § 200.00(e); *Haley v. Massanari*, 258 F.3d 742, 747-748 (8th Cir. 2001).

In the present case, the ALJ determined that plaintiff could perform a full range of medium work without any exertional limitations. (Tr. 22). However, the record makes clear that plaintiff was suffering from non-exertional limitations.

On April 27, 2004, Dr. Steven R. Harris, a psychologist, evaluated plaintiff. (Tr. 357-365). Plaintiff complained of neck pain and stiffness and back pain from the middle back to the tailbone. On a scale of zero to ten, plaintiff rated his pain after activity at an eight or a nine, while his resting pain was between a five and six. Plaintiff also complained of short-term memory loss, stating that he could not remember instructions a short time after they were administered. The WAIS-III indicated that plaintiff's overall level of intellectual functioning is in the average range of intellect.

(Tr. 358). Internally, he showed a weakness in immediate visual memory processing and/or hand/eye coordination. Plaintiff's response to the draw-a-person test was quite immaturely drawn, and could have been indicative of a poor self-image and a passive aggressive tendency. His MMPI score appeared to be accurate, in that the correction scales fell in normal levels. However, his profile was that of a somewhat lethargic individual who seemed to focus a good bit of their emotional difficulties upon physical complaints, possibly exacerbating any existing physical complaints. Dr. Harris also noted elevated depression scales, and unusual thought processes with some agitation. (Tr. 358-359). Based on the subscale, Dr. Harris opined that plaintiff had serious difficulties with health concerns, and had quite a bit of somatic complaints. (Tr. 359).

Dr. Harris then completed a mental RFC assessment. (Tr. 360-361). He concluded that plaintiff had only a fair ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, behave in an emotionally stable manner, and demonstrate reliability. However, the ALJ dismissed Dr. Harris' evaluation, stating that it was predicated upon the severity of plaintiff's pain syndrome, which the ALJ had previously discounted. (Tr. 18). Given the information contained in Dr. Harris' report, we do not believe that it was proper for the ALJ to summarily dismiss it. The doctor's assessment clearly reveals that plaintiff was suffering from emotional difficulties that caused him to exacerbate his existing physical complaints. (Tr. 358-359). Accordingly, we believe that remand is necessary to allow the ALJ to reconsider the evidence documenting plaintiff's mental limitations.

We also note that the ALJ failed to discuss or consider the report of Dr. Charles Varela, the orthopaedic surgeon performing plaintiff's general physical exam. On March 12, 2004, Dr. Varela evaluated plaintiff. (Tr. 351-352). Plaintiff complained of lower back and neck pain, as well as pain

involving his knees, arms, and ankles. (Tr. 351). Although he was able to return to work after his initial treatment in January 2000, which consisted of rest; anti-inflammatories; and, muscle relaxants, plaintiff experienced quite a bit of difficulty with repetitive lifting. He also began complaining of pain with numbness and tingling down both legs. On examination, Dr. Varela noted some mild difficulty with changing position on and off the table, some limited range of motion, cervical extension of only ten degrees, limited standing lumbar flexion of seventy degrees, lumbar extension of ten degrees, a positive Waddel's test, and a wide area of discomfort with no trigger points palpated and no paravertebral spasm identified. (Tr. 351-352). After diagnosing plaintiff with chronic neck and lower back pain, Dr. Varela stated that he did not expect plaintiff to be able to cope well with a heavy manual labor-type of occupation. He then opined that plaintiff should be limited to lifting no more than forty pounds occasionally and twenty pounds frequently. Further, Dr. Varela reported that plaintiff's standing and walking would be limited to a total of four hours during an eight-hour workday. (Tr. 352). In addition, he recommended limiting plaintiff to only occasional climbing, stooping, crouching, and crawling; frequent bouncing and kneeling; and, no exposure to heights or moving machinery. (Tr. 352).

Because Dr. Varela's assessment is based on his evaluation of plaintiff, we believe that it should have at least been discussed and considered by the ALJ. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Therefore, since the ALJ failed to do so, we believe that remand is necessary to allow him to fully consider the medical evidence concerning plaintiff's impairment. On remand, the ALJ should also call a vocational expert to testify regarding the types of positions plaintiff can still perform, if any, given his exertional and non-exertional limitations. *See Haley*, 258 F.3d 747-748.

Further, after reviewing the entire record, it appears that none of plaintiff's treating physicians have completed a mental or physical RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). As such, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff regarding his mental and physical impairments, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore recommend that the denial of benefits to the plaintiff be reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of March 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE